Jeffrey J. Goulder (#010258)
Stefan M. Palys (#024752)
M. Blaire Hawkins (#030301)
**STINSON LEONARD STREET LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email:  jeffrey.goulder@stinsonleonard.com
         stefan.palys@stinsonleonard.com
         blaire.hawkins@stinsonleonard.com
Attorneys for BMO Harris Bank, N.A.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| BMO HARRIS BANK, N.A., | No. CV 14-00275-PHX-JAT |
| Plaintiff, | |
| v. | **PLAINTIFF'S *EX PARTE* MOTION FOR AN ORDER PERMITTING ALTERNATE SERVICE OF PERFORMANCE AUDIO VIDEO, INC.** |
| MARTY R. GUTHMILLER and DENISE M. GUTHMILLER, individually and as husband and wife; and PERFORMANCE AUDIO VIDEO, INC., an Arizona Corporation, | |
| Defendants. | |

Marty Guthmiller is the president and statutory agent for Performance Audio Video, Inc. ("Performance").  Guthmiller has a history of avoiding service of process both in this case and in prior litigation with the plaintiff, BMO Harris Bank, N.A. ("BMO").  In his most recent effort to avoid service, Guthmiller nearly hit BMO's process server with his car.  Given his history, and the risk he poses to BMO's process servers, BMO requests an order permitting it to serve Performance by serving Guthmiller (as its statutory agent) by alternate means.  *See* Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A).  Specifically, BMO seeks an order permitting it to accomplish service by: (1) mailing process to Performance at its last known physical address; (2) emailing process to Guthmiller's business email account; and (3) mailing and emailing process to

Guthmiller's bankruptcy counsel. This motion is supported by the following memorandum of points and authorities.[1]

### MEMORANDUM OF POINTS AND AUTHORITIES

**I. Guthmiller is aware of this lawsuit, and is avoiding service of process, as he has in prior cases.**

BMO attempted to get Guthmiller's agreement to have his former litigation counsel and current bankruptcy counsel to accept service. Both told BMO that they were not authorized to do so, making it clear they had consulted with Guthmiller about this case. *See* Emails re: Service dated 2/13/14, 2/14/14, and 2/19/14, **Exhibits A-C**. BMO's counsel has even discussed the inapplicability of the automatic stay of 11 U.S.C. § 362 to this action with Guthmiller's bankruptcy counsel, concluding with BMO asking Guthmiller's bankruptcy counsel, in Guthmiller's presence, if he could accept service. *See* Affidavit of Chris Graver, attached as **Exhibit D**. But Guthmiller's bankruptcy counsel said he had not been granted authority to accept service on behalf of Performance. *Id.*

Finally, Guthmiller has received notice of this filing from BMO's process server. *See* Affidavit of Attempted Service (Dkt. 10). BMO's server went to Performance's address to serve him. *Id.* When the server called Guthmiller's name, he jumped in his car. *Id.* The server showed him the papers, but he waved her away through the closed window. *Id.* Then Guthmiller "drove away at high speed," almost hitting the server in the process. *Id.* In sum, Guthmiller is aware of the lawsuit, but BMO is left with no effective – or safe – means to accomplish service.

---

[1] To be clear, any references to Guthmiller in this motion concern him only in his capacity as statutory agent for Performance – not in his individual capacity. This case is stayed as to Marty and Denise Guthmiller due to their respective bankruptcy filings.

2

Though the risk of physical harm is new, Guthmiller has been consistently difficult to serve in other cases. As a result, the Maricopa County Superior Court previously granted BMO's request to serve Guthmiller with process by alternative means. *See* Order Granting Motion for Alternate Service, **Exhibit E**.

## II. The Court Should Authorize Alternate Service by Email and Mail.

### A. The Ninth Circuit Has Blessed Service of Process by Email.

This Court has previously authorized service of process by email. *See* Motion (Dkt. 8) and Order (Dkt. 9) in *American Honda Motor Co. v. AzGrafix, et al.*, 2:08-cv-00656-FJM (D. Ariz. 2008); *Liberty Media Holdings, LLC v. Vinigay.com*, 2011 WL 810250, 4 (D. Ariz. 2011). That authorization is consistent with the Ninth Circuit's blessing of email as an appropriate method of service in *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002).

*Rio* concerned the Rio Hotel's efforts to stop an infringing competitor, operating its business as RII. 284 F.3d at 1012-13. RII was represented by an attorney, who even contacted Rio on its behalf, but whom it refused to authorize to accept service. *Id.* at 1013. Rio then searched for alternative ways to serve RII, but was unsuccessful except for locating RII's valid email address. *Id.* In light of these facts, the district court authorized service of RII pursuant to Fed. R. Civ. P. 4(f)(3) by mailing process to the attorney and emailing process to RII. *Id.*

On appeal, RII challenged whether process was properly served. *Id.* at 1014. The Ninth Circuit noted that to be effective, service had to comply with Fed. R. Civ. P. 4, and be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339

U.S. 306, 314 (1950)).  The Ninth Circuit had no qualm finding that email service met the standard under Rule 4 and the Due Process clause.  *Id*. at 1017.

## B. The Court should authorize service by email and mail in this case.

The facts here are similar to those presented in *Rio*.  In this case, Guthmiller, the sole statutory agent and officer of Performance, is known to be represented by several attorneys in matters relevant to this case, but Guthmiller has refused to grant his attorneys the authority to accept service for either himself or Performance.  And, as in *Rio*, BMO tried to serve Performance through conventional means, but has been unsuccessful – most recently with Guthmiller nearly hitting BMO's server in an attempt to avoid service.  It is clear that conventional methods of service will not be effective.

As the Ninth Circuit has stated, service must be reasonably calculated to apprise interested parties of the pending action and afford them an opportunity to object.  *Rio*, 284 F.3d at 1016-1017.  In this case, BMO knows Guthmiller's email address is marty@pavaz.com.  BMO likewise knows where Performance's place of business is.  *See* Affidavit of Attempted Service (Dkt. 10).  Finally, BMO knows the email and mailing addresses for Guthmiller's bankruptcy counsel.  *See* Guthmiller Bankruptcy Docket, **Exhibit F**.

Allowing BMO to serve Guthmiller by email and mail to his business address and his bankruptcy counsel is reasonably calculated to apprise Performance of this action.  In fact, when BMO accomplished service through similar means in state court, Guthmiller did, in fact, respond.  *See* Answer to Writ of Garnishment, **Exhibit G**.

## III. Conclusion.

Guthmiller, as the president, director, and statutory agent of Performance, already has actual notice of this lawsuit.  The challenge for BMO has been satisfying the procedural requirement of service, and doing so safely.  Because it appears that typical

4

methods of service are not feasible, the Court should grant BMO permission pursuant to Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A) to serve Performance by: (1) mailing process and the Court's order granting this motion to Guthmiller at Performance's physical business address via First Class Mail; (2) emailing the same to Guthmiller's business email account, marty@pavaz.com; and (3) mailing and emailing process and the Court's order granting this motion to Guthmiller's bankruptcy counsel of record.

RESPECTFULLY SUBMITTED this 15th day of May, 2014.

**STINSON LEONARD STREET LLP**

By: s/M. Blaire Hawkins
Jeffrey J. Goulder
Stefan M. Palys
M. Blaire Hawkins
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Attorneys for BMO Harris Bank, N.A.

5

DB04/0807901.0461/10840790.2  DD02