1    **WO**

2

3

4

5              **IN THE UNITED STATES DISTRICT COURT**

6                  **FOR THE DISTRICT OF ARIZONA**

7

8    BMO Harris Bank, N.A.,                    No. CV-14-00275-PHX-JAT

9                          Plaintiff,          **ORDER**

10   v.

11   Marty R. Guthmiller, et al.,

12                          Defendants.

13

14         Pending before the Court is Plaintiff BMO Harris Bank, N.A.'s *Ex Parte* Motion

15   for an Order Permitting Alternate Service of Performance Audio Video, Inc.

16   ("Performance") pursuant to Federal Rules of Civil Procedure ("Federal Rules")

17   4(h)(1)(A) and 4(e)(1). (Doc. 11). Plaintiff requests an order authorizing alternative

18   service of the Summons, Complaint, and this Order by: "(1) mailing process to

19   Performance at its last known physical address; (2) emailing process to [Performance's

20   president and statutory agent Marty] Guthmiller's business email account; and (3)

21   mailing and emailing process to Guthmiller's bankruptcy counsel." (*Id.* at 1-2).

22   **I.     BACKGROUND**

23         On February 12, 2014, Plaintiff instituted this action for breach of contract against

24   Marty R. Guthmiller ("Guthmiller") and for breach of guaranty against Performance. (*See*

25   Doc. 1 at 4-5). Plaintiff initiated these claims as a result of Guthmiller's alleged default

26   on certain loans guaranteed by Performance. (*Id.* at 2-3). Guthmiller is Performance's

27   "sole statutory agent" for service of process. (Doc. 11 at 4).

28         Plaintiff initially asked Guthmiller's current bankruptcy counsel to accept service

1 of the Complaint and Summons on behalf of Guthmiller. (Doc. 11-1 at 13). Upon

2 consultation with Guthmiller, Guthmiller's counsel stated he was not authorized to accept

3 such service of process. (*Id.* at 12-13). Later, Plaintiff's counsel approached Guthmiller's

4 bankruptcy counsel in Guthmiller's presence to ask if the bankruptcy counsel could

5 accept service and was again denied. (*Id.* at 11-13). Next, Plaintiff's process server went

6 to Guthmiller's home address but because the property was gated and there was no

7 indication of Guthmiller, service was unsuccessful. (Doc. 8 at 1). Finally, the process

8 server went to Performance's business address to serve Guthmiller. (Doc. 10 at 1). After

9 the process server called Guthmiller's name, Guthmiller jumped in his car, "drove away

10 at a high speed and almost roll[ed] on [the process server]." (*Id.*) As a result, Plaintiff

11 claims that it is left with "no effective – or safe – means to accomplish service." (Doc. 11

12 at 2).

13 Plaintiff knows Guthmiller's business email address, *id.* at 4, and has confirmed

14 Performance's business address. (Doc. 10 at 1). Additionally, Plaintiff knows the email

15 and mailing address for Guthmiller's bankruptcy counsel, Edwin B. Stanley. (Doc. 11-1

16 at 20). In view of the safety concerns that Guthmiller has imposed on Plaintiff's process

17 server, Plaintiff requests an order pursuant to Federal Rules 4(h)(1)(A) and 4(e)(1)

18 permitting Plaintiff to satisfy service of process to Performance by: "(1) mailing [the

19 Summons, Complaint, and this Order] to Guthmiller at Performance's physical business

20 address via First Class Mail; (2) emailing the same to Guthmiller's business email

21 account, marty@pavaz.com; and (3) mailing and emailing [the Summons, Complaint,

22 and this Order] to Guthmiller's bankruptcy counsel of record." (Doc. 11 at 5).

23 **II.    LEGAL STANDARD**

24 The procedural requirement of service of the summons must be satisfied before a

25 federal court may exercise personal jurisdiction over a defendant. *Omni Capital Int'l, Ltd.*

26 *v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*;

27 *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). Accordingly, "[a] federal court is

28 without personal jurisdiction over a defendant unless the defendant has been served in

- 2 -

1    accordance with Fed.R.Civ.P.4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986),

2    *amended by* 807 F.2d 1514 (9th Cir. 1987).

3          Federal Rule 4(e)(1) allows summons to be served on an individual in a manner

4    that follows "state law for serving a summons in an action brought in courts of general

5    jurisdiction in the state where the district court is located or where service is made."

6    Under Arizona law, when personal service has become impracticable, Arizona Rule of

7    Civil Procedure ("Arizona Rule") 4.1(k) authorizes service by alternative means as

8    follows:

9              **Alternative or Substituted Service.** If service by one of the
               means set forth in the preceding paragraphs of this Rule 4.1
10             proves *impracticable*, then service may be accomplished in
               such manner, other than by publication, as the court, upon
11             motion and without notice, may direct. Whenever the court
               allows an alternate or substitute form of service pursuant to
12             this subpart, reasonable efforts shall be undertaken by the
               party making service to assure that actual notice of the
13             commencement of the action is provided to the person to be
               served and, in any event, *the summons and the pleading to be*
14             *served as well as any order of the court authorizing an*
               *alternative method of service, shall be mailed to the last*
15             *known business or residence address of the person to be*
               *served.*

16

17   Ariz. R. Civ. P. 4.1(k) (emphasis added).

18         If alternative service of process is appropriate, any proposed alternative method of

19   service must comport with constitutional notions of due process. *Rio Props., Inc. v. Rio*

20   *Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). To meet such a requirement, the

21   alternative method of service "must be 'reasonably calculated under all the

22   circumstances, to apprise the interested parties of the pendency of the action and afford

23   them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v.*

24   *Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

25   **III.   ANALYSIS**

26         Plaintiff has made the requisite showing under Federal Rule 4(e)(1) to justify

27   alternative service. For the Court to grant Plaintiff's Motion for Alternate Service, service

28   must prove impracticable. Ariz. R. Civ. P. 4.1(k).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

> Arizona law does not expressly define the standard for impracticability, but in 2010, the Arizona Court of Appeals in [*Blair v. Burgener*] approvingly cited the language from a New York case on a similar service issue. [245 P.3d 898, 903-04 ¶¶ 15-17 (Ariz. Ct. App. 2010)]. "[T]he standard of impracticability [i]s 'different from the more stringent one of 'due diligence' . . . . That is, to meet the standard on impracticability does not require satisfying due diligence, or even showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken[.]'" [*Id.* at 903 ¶ 15] (quoting *Kelly v. Lewis*, 220 A.D.2d 485, 486, 632 N.Y.S.2d 186, 186 (App. Div. 1995)). Applying this standard of impracticability, the New York court concluded that three attempts at service on three different days constituted sufficient efforts to warrant alternative means of service. Adopting the same standard, the *Blair* court found that Blair's efforts at service without success met the definition of impracticability justifying alternative service. Blair's process server attempted service at both defendants' place of business and the individual defendant's residence on five different days at various times. In addition to these physical attempts, the process server attempted to ascertain over an additional seven days whether the individual defendant was present in the office so that service could be made. Each time he was told this defendant was not in the office. These facts and circumstances, the Arizona court concluded, "demonstrate that service of process through the usual means would have been 'extremely difficult or inconvenient[]'" and was impractical which justified the trial court's authorization of alternative service under Arizona law. [*Id.* at 904 ¶ 18].

17
18
19

*BMO Harris Bank, N.A. v. D.R.C. Invs., L.L.C.*, No. CV-13-1692-PHX-LOA, 2013 WL 4804482, at *4 (D. Ariz. Sept. 9, 2013).

20
21
22
23
24
25
26

Here, after attempting multiple attempts to serve Guthmiller at both his home and business as well as attempts to obtain authorization to serve Guthmiller's current bankruptcy counsel, Guthmiller placed the process server in danger of bodily harm. (Doc. 10 at 1). As a result, service of process has been made not only extremely difficult and inconvenient but also dangerous. Thus, because the 'impracticable' requirement of Arizona Rule 4.1(k) is satisfied, service by an alternative method is allowed under Federal Rule 4.1(e).

27
28

Because alternative service of process is appropriate, the Court must analyze whether Plaintiff's proposed method of alternative service comports with "constitutional notions of due process." *Rio Props., Inc.*, 284 F.3d at 1016. Plaintiff's proposed method

1   of alternative service is composed of three prongs that seek alternative service by: "(1)

2   mailing [the Summons, Complaint, and this Order] to Guthmiller at Performance's

3   physical business address via First Class Mail; (2) emailing the same to Guthmiller's

4   business email account, marty@pavaz.com; and (3) mailing and emailing [the Summons,

5   Complaint, and this Order] to Guthmiller's bankruptcy counsel of record." (Doc. 11 at 5).

6   **1.   Mailing Process to Performance's Physical Business Address**

7   The first prong of Plaintiff's motion for alternative service proposes "mailing [the

8   Summons, Complaint, and this Order] to Guthmiller at Performance's physical business

9   address via First Class Mail." (*Id.*) According to Arizona Rule 4.1(k), when alternative

10  service is allowed by a court, the summons, pleading and court order authorizing the

11  alternative service "shall be mailed to the last known business. . . address of the person to

12  be served." Additionally, this Court has previously allowed service by first-class U.S.

13  mail. *Composite Industrie S.A. v. Vision Air Am., Inc.*, No. CV-13-01984-PHX-JAT,

14  2014 WL 1230492, at *2 (D. Ariz. Mar. 25, 2014).

15  Here, Plaintiff knows Performance's physical address. (Doc. 10 at 1).

16  Additionally, because the process server saw Guthmiller at that address, *id.*, there is a

17  strong indication that Guthmiller will receive actual notice at this location. As a result,

18  alternative service of the Summons, Complaint and this Order by first-class mail to

19  Performance's business address is allowed and comports with the due process standards

20  articulated in *Mullane*. *See* 339 U.S. at 314.

21  **2.   Emailing Process to Guthmiller's Business Email Account**

22  The second prong of Plaintiff's motion for alternative service is to email the

23  Summons, Complaint, and this Order to Guthmiller's business email account. The Ninth

24  Circuit Court of Appeals has held due process requires "nothing more" than service of

25  process by email when that was the only means reasonably calculated to apprise the

26  defendant of the lawsuit. *Rio Props., Inc.*, 284 F.3d at 1018. In *Rio*, the Ninth Circuit

27  prefaced the dangers of email service of process by noting that "there is no way to

28  confirm receipt of an email message" but ultimately left the decision to allow service of

1    process by email "to the discretion of the district court." 284 F.3d at 1018. Courts have

2    subsequently allowed alternative service by email even when there are other means of

3    communication available. *See, e.g.*, *Johnson v. Mitchell*, 2012 WL 1413986, at *5 (E.D.

4    Cal. Apr. 23, 2012) (allowing both email service of process in addition to mail delivery of

5    process).

6          This Court acknowledges the limitations of email service identified by the Ninth

7    Circuit and outlined above. However, because a previous court-approved email service to

8    Guthmiller's business email address resulted in actual notice to Guthmiller, (Doc. 11-1 at

9    25-30), service to Guthmiller's business email address would reasonably apprise him of

10   this lawsuit. Additionally, potential technological issues arising from email service will

11   be mitigated by requiring the additional service by first-class mail, as outlined above, and

12   through service to Guthmiller's bankruptcy counsel, as outlined below.

13         **3.       Mailing and Emailing Process to Guthmiller's Bankruptcy Counsel.**

14         The third prong of Plaintiff's motion for alternative service proposes "mailing and

15   emailing [the Summons, Complaint, and this Order] to Guthmiller's bankruptcy counsel

16   of record." (Doc. 11 at 5). Courts analyze the communications between a defendant and

17   defendant's counsel in deciding whether, as a method of alternative service, a defendant's

18   counsel may accept process that he would otherwise be unauthorized to accept. *See Rio*

19   *Props.*, 284 F.3d at 1017 (authorizing service on defendant's lawyer, but noting the

20   attorney "had been specifically consulted by [the defendant] regarding this lawsuit.");

21   *Inter123 Corp. v. Ghaith*, No. CV-14-00463-PHX-DGC, 2014 WL 1763280, at *6 (D.

22   Ariz. May 5, 2014) (authorizing service on defendant's lawyer because defendant was

23   "clearly aware of [the] action as shown by his retention of counsel."); *FMAC Loan*

24   *Receivables v. Dagra*, 228 F.R.D. 531, 536 (E.D. Va. 2005) (authorizing service on

25   defendant's lawyer, but noting that the defendant had been "in constant communication

26   with his attorney.").

27         Plaintiff has taken several steps to apprise Guthmiller of this action including

28   multiple attempts to have Guthmiller's current bankruptcy counsel accept service. (Doc.

11 at 2). Additionally, conversations between Plaintiff's counsel and Guthmiller's bankruptcy counsel about this case took place in Guthmiller's physical presence. (Doc. 11-1 at 12-13). Given these facts, the Court concludes that allowing Plaintiff to serve Guthmiller's current bankruptcy counsel via email and first-class mail would clearly apprise Guthmiller of the pendency of this action and afford him the opportunity to present his objections. *See Mullane*, 339 U.S. at 314. Plaintiff may effect service, in conjunction with the two prongs discussed above, by sending the Summons, Complaint, and this Order to Defendant's counsel via first-class mail and email.

## IV.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's *Ex Parte* Motion for an Order Permitting Alternate Service of Performance Audio Video, Inc. (Doc. 11) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall file an affidavit upon completion of service specifying the date and details on which alternative service has been accomplished.

Dated this 9th day of June, 2014.

James A. Teilborg
Senior United States District Judge